IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-539-FL

| | | |
|---|---|---|
| SHANNON SULANDER, JANNA STEWART, JOEY LEWIS, KORRI CULBERTSON, BRUCE McCONNELL & ANTHONY SULLIVAN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| SYNEOS HEALTH, LLC, | ) ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to compel discovery [DE #82] pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37. Plaintiffs have responded in opposition [DE #88]. For the reasons stated below, Defendant's motion to compel is granted in part and denied in part.

<u>BACKGROUND</u>

This action was initiated on October 24, 2022, by the filing of a complaint [DE #1] against Syneos Health, LLC ("Defendant"). The complaint has been amended three times [DE ##2,31,72], with the operative amended complaint [DE #72] filed on November 22, 2023. Shannon Sulander, Janna Stewart, Joey Lewis, Korri Culbertson, Bruce McConnell, and Anthony Sullivan ("Plaintiffs") assert religious discrimination, retaliation, and hostile work environment claims under Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (3d Am. Compl. [DE #72] ¶¶ 155–72.) Plaintiffs are former employees of Defendant, and their allegations stem from Defendant's September 2, 2021, mandate that all employees receive the COVID-19 vaccine. (3d Am. Compl. ¶ 3.)

Plaintiffs first allege they were discriminated against on the basis of religion because Defendant failed to make reasonable accommodations for their sincerely held religious beliefs prohibiting them from taking the COVID-19 vaccine. (3d Am. Compl. ¶ 157.) Plaintiffs also allege they were terminated and denied bonuses because of their religious objection to the vaccine mandate. (3d Am. Compl. ¶ 166.) Plaintiffs lastly allege they were subject to a hostile work environment because of Defendant's "falsehoods regarding FDA approval made to employees" about the vaccines. (3d Am. Compl. ¶¶ 170–72.)

Defendant served discovery requests on Plaintiffs on August 30, 2023, and January 2, 2024. (Mem. Supp. Mot. Compel [DE #83] at 3.) On February 16, 2024, Defendant wrote to Plaintiffs concerning deficiencies in Plaintiffs' responses. (Mem. Supp. Mot. Compel, Ex. 1 [DE #83-1].) The parties met and conferred on March 12, 2024, and Plaintiffs supplemented their responses; however, Defendant alleges continued deficiencies in those responses. (Mem. Supp. Mot. Compel at 3; Mem. Supp. Mot. Compel, Ex. 2 [DE #83-2].) Defendant provided notice of the dispute to the court in accordance with the case management order, and on October 2, 2024, the court entered an order dispensing with a discovery conference and authorizing Defendant to file a motion to compel. (10/2/2024 Text Order.)

Defendant moves to compel answers to Interrogatories 9, 19, and 20, and Requests for Production of Documents ("RPD") 4, 5, 13, 17, 18, 20, 23, 25, 26, 28, and 29. (Mem. Supp. Mot. Compel at 5–10.) Plaintiffs oppose Defendant's motion. (Resp. Opp'n Mot. Compel [DE #88]).

## DISCUSSION

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party." *EEOC v. Sheffield Fin., LLC*, No. 1:06-CV-00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)); *see also Martin v. Bimbo Foods Bakeries*, 313 F.R.D. 1, 5 (E.D.N.C. 2016) (quoting *Sheffield Fin.*, 2007 WL 1726560, at *3); *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-CV-66, 2020 WL 2311668, at *2 (W.D. Va. May 8, 2020) (acknowledging the 2000 and 2015 amendments to Rule 26(b)(1) and concluding that the discovery rules are to be interpreted broadly); 8 Wright & Miller, Fed. Prac. & Proc. § 2008 (3d ed.) (summarizing history of Rule 26 and noting that the 2015 amendment "did not affect a dramatic change in the scope of discovery").

3

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

"The party resisting discovery bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). "To meet this burden, the non-moving party 'must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.'" *Johnson v. N.C. Dep't of Justice*, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (quoting *Mainstreet Collection*, 270 F.R.D. at 241). "[T]he court has 'substantial discretion' to grant or deny motions to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

A.    Interrogatory 9

Interrogatory 9 asks Plaintiffs to "[i]dentify all employees or agents of Defendant whom you claim engaged in any wrongful, improper and/or illegal act or otherwise caused harm to you in relation to this action and describe the nature of that harm." (*See, e.g.*, Mem. Supp. Mot. Compel, Ex. 3 [DE #83-3] ("Pl. Culbertson Disc. Reqs. & Resps.") at 12.) Plaintiffs do not object to the interrogatory, and each

4

respond along the lines of "[a]ny and all Syneos management and Officers involved in decision making" or "[a]ny and all Syneos employees who discriminated against me for not being vaccinated." (*Id.*; Mem. Supp. Mot. Compel, Ex. 4 [DE #83-4] ("Pl. Lewis Disc. Reqs. & Resps.") at 12; Mem. Supp. Mot. Compel, Ex. 5 [DE #83-5] ("Pl. McConnell Disc. Reqs. & Resps.") at 8; Mem. Supp. Mot. Compel, Ex. 6 [DE #83-6] ("Pl. Stewart Disc. Reqs. & Resps.") at 12; Mem. Supp. Mot. Compel, Ex. 7 [DE #83-7] ("Pl. Sulander Disc. Reqs. & Resps.") at 12; Mem. Supp. Mot. Compel, Ex. 8 [DE #83-8] ("Pl. Sullivan Disc. Reqs. & Resps.") at 6–7.) Defendant argues these answers are incomplete as they do not identify any individuals. (Mem. Supp. Mot. Compel at 10.) Plaintiffs do not respond to this argument in their opposition to the motion to compel but previously asserted they would "pursue" the question posed by Interrogatory 9 through the discovery process. (Resp. Opp'n Mot. Compel; Mem. Supp. Mot. Compel, Ex. 2 at 2.)

When responding to interrogatories, a party "is obligated to make a reasonable inquiry, question [individuals] who may have relevant information, and answer the discovery requests to the best of its ability." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *9 (E.D.N.C. Aug. 30, 2021); *see Edwards v. Hooks*, No. 5:21-CT-3270-D, 2022 WL 17367183, at *3 (E.D.N.C. Nov. 28, 2022) (finding interrogatory responses insufficient as it was "not apparent that [the party] conducted a reasonable investigation in order to fully answer the interrogatory") Plaintiffs' responses, dated November 3, 2023 (Pls. Culbertson and McConnell), November 6, 2023 (Pls. Lewis, Stewart, and Sulander), and February 8,

5

2024 (Pl. Sullivan), do not identify with any clarity the employees or agents involved.[1] Nor do they indicate whether they have conducted a reasonable investigation into the matter. Accordingly, Plaintiffs' responses are incomplete, and the motion to compel as to Interrogatory 9 is allowed. Plaintiffs shall provide a supplemental response or certify that, after reasonable investigation, they have no further response.

### B. Interrogatory 19

Defendant moves to compel responses to Interrogatory 19 from Plaintiffs Culbertson and McConnell. (Mem. Supp. Mot. Compel at 7–8.) Interrogatory 19 asks Plaintiffs to "[i]dentify your religion and the name and address of every church, or other house of worship that you have been a member of or attended in the last ten (10) years." (Pl. Culbertson Disc. Reqs. & Resps. at 17; Pl. McConnell Disc. Reqs. & Resps. at 12.) Both Plaintiffs object on the grounds that the request is irrelevant, harassing, vague and overbroad, unduly burdensome, and violates the clergy-parishioner privilege. (Pl. Culbertson Disc. Reqs. & Resps. at 17–18; Pl. McConnell Reqs. & Resps. at 12.) Plaintiffs also argue that Defendant is judicially estopped from seeking discovery about their religious beliefs. (Resp. Opp'n Mot. Compel at 6.)

#### 1. Analysis of Objections

Interrogatory 19 is relevant. A religious discrimination claim pursuant to Title VII requires a plaintiff to show that her belief is "(1) sincerely held and (2) religious

---

[1] Plaintiffs stated that they could not identify any individuals in response to Interrogatory 9 because "they were informed their accommodations would end on generic Syneos letterhead which was not signed by any particular person." (Mem. Supp. Mot. Compel, Ex. 2.) Plaintiffs then noted they would "continue to pursue this question through the discovery process." (*Id.*)

in nature." *Barnett v. INOVA Health Care Servs.*, 125 F.4th 465, 470 (4th Cir. 2025). "The first prong, sincerity, 'seeks to determine an adherent's good faith in the expression of [her or his] religious belief' and 'provides a rational means of differentiating between those beliefs that are held as a matter of conscience and those that are animated by motives of deception and fraud.'" *Id.* (quoting *Patrick v. LeFevre*, 745 F.2d 153, 157 (2d Cir. 1984)). Plaintiffs' religious participation is relevant to understanding if Plaintiffs have beliefs that are religious in nature, as well as the sincerity of those beliefs. *See Barnett*, 125 F.4th at 470–71 (using evidence of plaintiff's purported religion and religious participation such as baptism to determine sincerity of beliefs); *Romer v. City of N. Charleston*, No. 2:22-CV-4254-DCN-MHC, 2024 WL 4485908, at *8–9 (D.S.C. July 19, 2024) (evidence of religious beliefs and vaccination history as a child and adult discussed in religious discrimination analysis), *R. & R. adopted*, 2024 WL 4343708 (Sept. 30, 2024).

Plaintiffs' other objections to Interrogatory 19 are boilerplate. "The grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). "[T]he use of boilerplate objections stating that an interrogatory is overbroad, unduly burdensome, irrelevant, or the like does not satisfy the specificity requirement" of Rule 33. *Arrow Enter. Computing Sols., Inc. v. BlueAlly, LLC*, No. 5:15-CV-37-FL, 2016 WL 4287929, at *2 (E.D.N.C. Aug. 15, 2016); *Wagner v. Norcold, Inc.,* No. 5:23-CV-87-D, 2024 WL 2703015, at *5 (E.D.N.C. May 24, 2024) (collecting cases rejecting use of boilerplate objections). An objection may be boilerplate if it lacks any statement about why the request is irrelevant, overbroad, vague, or burdensome, or if it fails to

7

cite court decisions discussing similar discovery limitations. *See Mills v. East Gulf,* 259 F.R.D. 118, 132 (S.D.W. Va. 2009); *Wagner*, 2024 WL 2703015, at *6; *Hy-Ko Prods. Co. v. Hillman Grp., Inc.*, No. 5:09-MC-32, 2009 WL 3258603, at *2 (E.D.N.C. Oct. 8, 2009). Plaintiffs' objections do not include any supporting statement about why the interrogatory is harassing, vague, or burdensome, nor do they cite any supporting case law related to their objections. Moreover, Plaintiffs Sulander, Stewart, Lewis, and Sullivan have each responded to this interrogatory, which undermines Plaintiff Culbertson's and Plaintiff McConnell's objections to Interrogatory 19. Thus, these objections are overruled.

Turning to Plaintiffs' privilege argument, federal privilege law applies to federal question claims such as this one. *See* Fed. R. Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562 (1989); *Hall v. Helms*, 118 F.R.D. 51, 53 (W.D.N.C. 1987). The clergy-penitent privilege is not consistently recognized in federal courts.[2] *See In Re Grand Jury Investigation*, 918 F.2d 374, 379–84 (3d. Cir. 1990) (discussing history of privilege and collecting cases recognizing such a privilege); *but see Seidman v. Fishburne-Hudgins Educ. Found., Inc.,* 724 F.2d 413, 415 (4th Cir. 1984) ("The priest-penitent or clergyman-communicant privilege has no firm foundation in common law."). When recognized, the privilege applies to confidential communications between an individual and clergy. *See In Re Grand Jury Investigation*, 918 F.2d at

---

[2] Plaintiffs assert the clergy-penitent privilege in their objections to this interrogatory but do not expand on the argument in their response in opposition to the motion to compel. (*See* Resp. Opp'n Mot. Compel.) Nor do they cite to any case law supporting the invocation of this privilege or its recognition in the Fourth Circuit. (*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 18.)

384; *United States v. Nixon*, 418 U.S. 683, 709 (1974) ("[A]n attorney or a priest may not be required to disclose what has been revealed in professional confidence."). Plaintiffs have not objected on the ground that Interrogatory 19 applies to confidential communications with clergy, nor does the text of the interrogatory appear to require disclosure of such communication. Moreover, the privilege protects against compelled disclosure by clergy, not by communicants. *See Nixon*, 418 U.S. at 709.

Plaintiffs also have not provided a description of the privileged information as required by Federal Rule of Civil Procedure 26(b)(5)(A). (Pl. Culbertson Disc. Reqs. & Resps. at 17–18; Pl. McConnell Reqs. & Resps. at 12); *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D 251, 264 (D. Md. 2008) (the most common way to meet the requirement of Rule 26(b)(5)(A) is by providing a privilege log). "Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed." *Avent v. State Farm Fire & Cas. Co.*, No. 5:16-CV-278-BO, 2017 WL 2671078, at *4 (E.D.N.C. June 20, 2017); *Richardson v. Sexual Assault/Spouse Abuse Rsch. Ctr., Inc*, 270 F.R.D. 223, 228 (D. Md. 2010) (finding generalized claims of privilege to be insufficient without privilege log). As such, Plaintiffs' invocation of the clergy-penitent privilege is meritless.

2.    Judicial Estoppel

"Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation." *Minnieland Priv. Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co.,* 867 F.3d 449, 457 (4th Cir.

2017) (quoting *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (4th Cir. 1995)). Four elements must be met before a court may apply judicial estoppel: "(1) the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation; (2) the position sought to be estopped must be one of fact rather than law or legal theory; (3) the prior inconsistent position must have been accepted by the court; and (4) the party sought to be estopped must have intentionally misled the court to gain an unfair advantage." *Minnieland Priv. Day Sch.*, 867 F.3d at 458 (quoting *Lowery v. Stovall*, 92 F.3d 219, 224 (4th Cir. 1996)).

Plaintiffs Culbertson and McConnell argue Defendant is judicially estopped from seeking discovery related to the sincerity of their religious beliefs in light of Defendant's prior admissions related to those beliefs. (Resp. Opp'n Mot. Compel at 6–9.) Plaintiffs claim that Defendant admitted to granting Plaintiffs' requests for religious exemptions, "thereby indicating that [Defendant] did not contest the sincerity" of Plaintiffs' beliefs. (*Id.* at 9.) According to Plaintiffs, this admission bars Defendant from now seeking discovery on the issue of sincerely held religious beliefs. (*Id.*)

Plaintiffs' argument fails to meet several elements of judicial estoppel.[3] *See Minnieland Priv. Day Sch.*, 867 F.3d at 458. First, Plaintiffs invoke judicial estoppel

---

[3] Despite Fourth Circuit precedent regarding judicial estoppel, *see Minnieland Priv. Day Sch.,* 867 F.3d at 457; *John S. Clark Co.*, 65 F.3d at 28, Plaintiffs cite to the Ninth Circuit's articulation of the elements of judicial estoppel, which differ slightly from the Fourth Circuit's test, (Resp. Opp'n Mot. Compel at 8 (quoting *Perez v. Discover Bank*, 74 F.4th 1003, 1008 (9th Cir. 2023))). Plaintiffs do not explain why this court should apply Ninth Circuit precedent.

for a position taken by Defendant prior to the current litigation and before initiation of any lawsuit. There is no prior litigation in which Defendant argued—and the court accepted—any position related to Plaintiffs' sincerely held religious beliefs. Moreover, Plaintiffs have not asserted any facts suggesting Defendant is intentionally misleading the court to gain an unfair advantage. *See Minnieland Priv. Day Sch.*, 867 F.3d at 458 (the element of intentionally misleading the court is "determinative"). Thus, Plaintiffs' judicial estoppel objection is overruled.

### 3. Scope

Plaintiffs request that the court limit the scope of the inquiry into the sincerity of their religious beliefs to a one-year period. (Resp. Opp'n Mot. Compel at 9 (citing *EEOC v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114 (W.D.N.Y. 2009).) They do not clarify why such a limitation is necessary, only stating that other cases have limited medical record disclosures to two years. (Resp. Opp'n Mot. Compel at 9 ("By analogy to the holding in *EEOC v. Nichols Gas & Oil, Inc.*, supra, limiting the scope of medical records to two years, the Court should limit the scope of inquiry [into] the sincerity of Culbertson's and McConnell's religious beliefs to a one-year period.").) The court is not persuaded by this argument. Plaintiffs' religious participation over time is relevant to the sincerity of their religious beliefs. *See Barnett*, 125 F.4th at 470 (history of plaintiff's faith going back to 2011 relevant to sincerity of beliefs); *Romer*, 2024 WL 4485908, at *8–9. Thus, the motion to compel is allowed with respect to Interrogatory 19, and Plaintiffs Culbertson and McConnell shall produce such information for a ten-year period.

11

## C.     Interrogatory 20

Each Plaintiff objects to Interrogatory 20, which asks them to

[i]dentify every vaccine you have received, any medications and/or pharmaceuticals you have taken, or any cosmetic/toiletry products that you have used, that contain, were developed or validated with, or otherwise used in any way any fetal tissue, fetal cells, and/or fetal cell lines, including the date you received that vaccine, took the pharmaceutical or medication, or used the cosmetic/toiletry product, whether you continue to use it/them, and your reasoning for no longer using it/them if you stopped using it/them. This Interrogatory includes, but is not limited to, Adenovirus, Varicella (shingles), COVID-19, Hepatitis, Varicella (chickenpox), Measles, Mumps, Rubella (MMR), and rabies vaccines, amoxicillin, penicillin, tetracycline, cephalosporin, acetaminophen, albuterol, aspirin, ibuprofen, Tylenol, Advil, Aspirin, Aleve, Pseudoephedrine, Pepto Bismol, Tums, Lipitor, Senokot, Motrin, Maalox, Ex-Lax, Benadryl, Sudafed, Robitussin, Mucinex, Preparation H, Lidocaine/Lidoderm, Claritin, Prilosec, Zoloft, Trulicity (Dulaglutide).

(*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 18.) Plaintiffs object on the ground that the interrogatory is irrelevant, overbroad, harassing, unduly burdensome, and violates the physician-patient privilege. (*Id.* at 18–19; Pl. Lewis Disc. Reqs. & Resps. at 23; Pl. McConnell Disc. Reqs. & Resps. at 13; Pl. Stewart Disc. Reqs. & Resps. at 23; Pl. Sulander Reqs. & Resps. at 23; Pl. Sullivan Disc. Reqs. & Resps. at 10–11.)

Interrogatory 20 is relevant. Each Plaintiff contends they objected to receiving the COVID-19 vaccine, in part, because of its use of "abortion-derived fetal cells." (3d Am. Compl. ¶ 32.) The use of these cells is alleged to be "contrary to [Plaintiffs'] religious teachings and beliefs." (*Id.*) Thus, history of use of products derived from fetal cells is relevant to the sincerity of Plaintiffs' beliefs. *See Camp v. L.A. Arena Co.*, No. 5:22-CV-2220-JGB, 2024 WL 1634095, at *3 (E.D. Cal. Mar. 22, 2024) (vaccination history is relevant to plaintiff's religious discrimination claim based on

refusal to obtain the COVID-19 vaccine); *Davis v. Reliance Test & Tech., LLC*, No. 22-CV-1760-DKC, 2025 WL 266664, at *6 (D. Md. Jan. 22, 2025) (refusal to use "medical products" produced using "human cell lines derived from direct abortions" relevant to both sincerity of beliefs and their religious nature).

Plaintiffs' boilerplate objections that this interrogatory is overbroad, harassing, and unduly burdensome are without merit. *See Wagner*, 2024 WL 2703015, at *5. The objections do not point to any specific language being objected to, nor do they offer any argument about what is harassing, vague, or burdensome about the discovery request. (Pl. Culbertson Disc. Reqs. & Resps. at 18–19; Pl. Lewis Disc. Reqs. & Resps. at 23; Pl. McConnell Disc. Reqs. & Resps. at 13; Pl. Stewart Disc. Reqs. & Resps. at 23; Pl. Sulander Reqs. & Resps. at 23; Pl. Sullivan Disc. Reqs. & Resps. at 10–11.) Furthermore, Plaintiffs say nothing about these objections to Interrogatory 20 in their opposition brief. (Resp. Opp'n Mot. Compel.)

Turning to the privilege objection, "[t]he Federal Rules of Evidence do not recognize a physician-patient privilege where, as here, subject matter jurisdiction is based on federal law." *Helsabeck v. Fabyanic*, 173 F. App'x 251, 257 (4th Cir. 2006) (per curiam); *Whalen v. Roe*, 429 U.S. 589, 602 n.28 (1977); *Capetta v. GC Servs. Ltd.*, 266 F.R.D. 121, 126 (E.D. Va. 2009); *Martin v. Cottrell Contracting Corp.*, No. 7:00-CV-114-F, 2000 WL 33177232, at *1 (E.D.N.C. Sept. 13, 2000); *Mojarrad v. City of Raleigh*, No. 5:20-CV-396-FL, 2021 WL 8824945, at *5 (E.D.N.C. June 8, 2021). As such, Plaintiffs cannot validly invoke physician-patient privilege. Moreover, Plaintiffs have waived any privilege as to these medical records both by filing this

action placing their medical history at issue, *see Villareal v. Rocky Knoll Health Care Ctr.*, No. 2:21-CV-729-WED, 2022 WL 875287, at *2 (E.D. Wis. Mar. 24, 2022) (religious discrimination claim based on refusal of COVID-19 testing placed plaintiff's medical history at issue), and by failing to provide a privilege log related to this interrogatory, *see Avent*, 2017 WL 2671078, at *4. The motion to compel as to Interrogatory 20 is therefore allowed.[4]

### D.    RPDs 4, 5, 13, 17, 18, and 20 – Incomplete Responses

RPDs 4, 5, 13, 17, 18, and 20 are analyzed together because Defendant makes a similar argument about each RPD.

RPD 4 requests "[a]ll documents concerning any statement you contend constitutes an admission made by Defendant, or anyone acting on its behalf, relating in any way to allegations in the Complaint." (*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 24.)

RPD 5 requests "[a]ll written or recorded oral statement(s) made by Defendant or its agents concerning the factual and legal allegations made by you in the lawsuit." (*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 25.)

RPD 13 requests "[a]ll documents relating to each item of damage that you seek to recover from Defendant." (*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 26.)

---

[4] Plaintiffs do not argue that the scope of this interrogatory should be limited in time (*see* Pl. Culbertson Disc. Reqs. & Resps. at 18–19; Pl. Lewis Disc. Reqs. & Resps. at 23; Pl. McConnell Disc. Reqs. & Resps. at 13; Pl. Stewart Disc. Reqs. & Resps. at 23; Pl. Sulander Reqs. & Resps. at 23; Pl. Sullivan Disc. Reqs. & Resps. at 10–11; Resp. Opp'n Mot. Compel), and the court therefore renders no opinion as to whether the scope of this interrogatory should be limited in duration.

14

RPD 17 requests "[y]our federal and state income tax returns for the last five years and any tax return from any year through the date of the trial." (*See, e.g.*, Pl. Lewis Disc. Reqs. & Resps. at 30.) As to this request, Defendant is satisfied with the responses of Plaintiffs Culbertson and Sullivan. (Mem. Supp. Mot. Compel at 6.)

RPD 18 requests documents related to employment and other sources of income aside from Syneos wages obtained from Plaintiffs' start date with Syneos through present, including applications, resumes, or other documents relating to efforts to seek employment or income. (*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 27.)

RPD 20 requests "[a]ll employment contracts, salary/compensation information, and benefit information (*e.g.,* summary plan descriptions and brochures) relating to any employment positions you have held since the separation of your employment with Defendant." (*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 27.)

Plaintiffs do not object to any of these RPDs. Plaintiffs respond to the RPDs, occasionally citing to attachments, but more often noting that an investigation is ongoing and documents will be produced. (Pl. Culbertson Disc. Reqs. & Resps. at 24–28; Pl. Lewis Disc. Reqs. & Resps. at 28–31; Pl. McConnell Disc. Reqs. & Resps. at 18–22; Pl. Stewart Disc. Reqs. & Resps. at 28–31; Pl. Sulander Disc. Reqs. & Resps. at 28–31; Pl. Sullivan Disc. Reqs. & Resps. at 15–19.) Defendant contends that each of these responses is incomplete with regard to some or all Plaintiffs. (Mem. Supp. Mot. Compel at 4–10.)

Plaintiffs further report that a call took place between counsel for both parties on October 28, 2024, after the present motion was filed. (Resp. Opp'n Mot. Compel at 3.) Plaintiffs state that the parties agreed Plaintiffs would (i) confirm whether any additional documents would be produced in response to RPDs 4 and 5 and (ii) provide more information regarding damages and back pay in response to RPD 13. (Resp. Opp'n Mot. Compel at 3.) Plaintiffs also state the parties agreed to limit the request for tax returns (RPD 17) to returns between 2021 and 2023. (*Id.*) Additionally, Plaintiffs state that Defendant has returns related to Plaintiffs Lewis and Sullivan, and that the returns related to Plaintiffs Stewart and McConnell are forthcoming. (*Id.*)

"[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Given the incomplete nature of RPDs 18 and 20, the motion to compel with respect to those requests is allowed. Plaintiffs shall make a reasonable search and provide supplemental production or certify that no responsive documents exist as to RPDs 18 and 20. *See Edwards*, 2022 WL 17367183, at *9 (party contending they are "still searching for records" subject to order allowing motion to compel).

Because the parties have apparently reached an agreement with respect to RPDs 4, 5, 13, and 17, Defendant's motion to compel responses to those requests is dismissed without prejudice.

### E. RPDs 23, 25, 26, 28, and 29 – Medical History

Each of these requests are related to Plaintiffs' medical history. They are addressed together because Plaintiffs raise similar objections to each.

RPD 23 requests "[a]ll documents relating to any claim or allegation that you incurred medical costs and/or sustained mental, emotional, psychological, or physical harm or other injuries as a result of any alleged unlawful conduct by Defendant and/or its employees, agents, and/or representatives." (*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 28.)

RPD 25 requests

[a]ll medical records within your possession, custody, or control, including but not limited to, all information related to treatments, prognosis, diagnosis, vaccinations, and physical or mental histories made or maintained by your healthcare providers in the past ten (10) years. Responses to this request should include, but may not be limited to, your vaccination card.

(*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 29.)

RPD 26 asks Plaintiffs to "complete, sign, and return the enclosed Authorization for Disclosure of Protected Health Information (Not Including Psychotherapy Notes) and the enclosed Authorization for Disclosure of Protected Health Information (Psychotherapy Notes Only)." (*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 29.)

RPD 28 requests "[a]ll documents relating to, influencing, or informing your decision-making regarding taking the COVID-19 vaccine prior to January 31, 2022. Responses should include, but may not be limited to, correspondence relating to your receiving the COVID-19 vaccine, scientific studies and/or reports, medical journals,

17

social media posts, and news articles." (*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 30.)

> RPD 29 requests
>
> [a]ll medical records, physician's notes and/or nurse's notes, medical bills, appointment notices, and correspondence with physicians, counselors, ministers, psychologists, psychiatrists, religious leaders, or caseworkers in your possession, custody, or control which document or otherwise relate to vaccines, treatment, assistance, or consultation you have sought in the past five (5) years for any ailments, infections, viruses, conditions, or injuries, including (but not limited to) any you allege were incurred as a result of any act or omission by Defendant.

(*See, e.g.*, Pl. Culbertson Disc. Reqs. & Resps. at 30.)

Plaintiffs object to each of the foregoing RPDs on the grounds that they are irrelevant, harassing, vague or overbroad, and unduly burdensome; they object to RPDs 23, 25, 26, and 29 on the ground of physician-patient privilege. (Pl. Culbertson Disc. Reqs. & Resps. at 28–30; Pl. Lewis Disc. Reqs. & Resps. at 31–33; Pl. McConnell Disc. Reqs. & Resps. at 22–24; Pl. Stewart Disc. Reqs. & Resps. at 31–34; Pl. Sulander Disc. Reqs. & Resps. at 32–34; Pl. Sullivan Disc. Reqs. & Resps. at 19–22.) Plaintiffs also object "to any production of medical history at this point" because Plaintiffs have only alleged "garden variety emotional distress" which does not "open the door to medical records." (Resp. Opp'n Mot. Compel at 3–6.) If compelled to produce records, Plaintiffs seek to limit the time period to one year before termination and one year following termination. (*Id.* at 6.)

### 1.  Analysis of Objections

Any medical information related to vaccine history and motivations related to vaccination are relevant as they may shed light on Plaintiffs' reasons for refusing the

COVID-19 vaccine. *See* (3d Am. Compl. ¶¶ 32–34); *Camp,* 2024 WL 1634095, at *3 (vaccination history is relevant to plaintiff's religious discrimination claim based on refusal to obtain the COVID-19 vaccine). Additionally, any remaining medical information included in the RPDs is relevant to Plaintiffs' claims of injury. Plaintiffs seek actual, compensatory, and/or punitive damages for "emotional suffering, humiliation, embarrassment and mental anguish" as well as "severe emotional distress." (3d Am. Compl. ¶¶ 162, 168, 172.) As such, their medical records are relevant.

> If Plaintiff seeks damages on the basis of emotional distress, humiliation, anxiety, and other psychological factors, Defendant must be able to determine how much of [Plaintiff's] emotional distress, etc. was caused by his termination. Allowing Defendant to review [Plaintiff's] medical records will shed light on any other contributing factors or events . . . that might have caused . . . emotional distress.

*Sheffield Fin.*, 2007 WL 1726560, at *4.

Plaintiffs' boilerplate objections to these requests are without merit. The objections do not point to any specific language being objected to, nor do they offer any argument about what is harassing, vague, or burdensome about the requests. *See Wagner*, 2024 WL 2703015, at *6. Additionally, the physician-patient privilege is not embraced in federal courts when subject-matter jurisdiction is based on federal law. *See Helsabeck*, 173 F. App'x at 257; *Whalen*, 429 U.S. at 602 n.28; *Capetta*, 266 F.R.D. at 126; *Martin*, 2000 WL 33177232, at *1; *Mojarrad*, 2021 WL 8824945, at *5. Moreover, were the physician-patient privilege applicable to this federal-question case, Plaintiffs have waived the privilege by putting their medical history at issue

and failing to provide a privilege log. *See Villareal,* 2022 WL 875287, at *2; *Avent,* 2017 WL 2671078, at *4.

2.      Garden-Variety Emotional Distress

Plaintiffs argue garden-variety emotional distress damages do not warrant production of medical records because they are not seeking "medical-related damages." (Resp. Opp'n Mot. Compel at 4.) Plaintiffs do not specify which RPDs this argument applies to but object to "any production of medical history." (Resp. Opp'n Mot. Compel at 6.) The court construes Plaintiffs' objection as applying to RPDs 23, 25, 26, and 29.

"The fact that . . . damages claims may be the 'garden variety' of damage claims for emotional distress does not automatically exempt them from discovery." *Sheffield Fin.,* 2007 WL 1726560, at *5 (quoting *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 657, 659–60 (D. Kan. 2004)). When such garden-variety emotional distress is alleged, "courts have found that 'medical and psychological information sought by [] interrogatories and requests for production are relevant as to both causation and the extent of plaintiff's alleged injuries and damages.'" *Stokes v. IKEA US Retail, LLC,* No. 1:22-CV-1377-JMC, 2023 WL 1970476, at *2 (D. Md. Feb. 13, 2023) (omission in original) (quoting *Carpenter v. Res-Care Health Servs., Inc.,* No. 3:12-CV-8047, 2013 WL 1750464, at *2 (S.D.W. Va. Apr. 23, 2013)). Accordingly, Plaintiffs' assertion of "garden-variety emotional distress" does not preclude production of discovery. The fact that Plaintiffs do not claim to have incurred medical or mental health treatment does not change the requirement of production. *See Carpenter,* 2013 WL 1750464, at

20

*2 (finding medical records relevant in retaliatory discharge case despite the fact that plaintiff did not claim to have incurred medical or mental health treatment because of the termination). Thus, Plaintiffs' argument is without merit.

Plaintiffs' request to limit the time frame for information requested, however, is reasonable. The court finds that limiting RPD 25 and RPD 29 to two years before Plaintiffs' termination and two years after Plaintiffs' termination strikes an appropriate balance and is proportional to the needs of the case considering such matters as the issues involved, the sensitive nature of the information sought, and the burden and expense of production. Therefore, Defendant's motion to compel RPDs 23, 25, 26, 28, and 29 is granted in part, with RPDs 25 and 29 limited to the time period of two years before termination until two years after termination.

## CONCLUSION

For the foregoing reasons, Defendant's motion to compel [DE #82] is GRANTED IN PART and DENIED IN PART on the terms more fully set forth above.

This 27th day of February 2025.

KIMBERLY A. SWANK
United States Magistrate Judge